GLOBE INDEMNITY COMPANY, Appellant, v. ANDERSON-DEERING COMPANY, Appellee.

**INSURANCE: Premiums—Action to Recover—Failure to Prove Condi-**
**1 tion Precedent.**  In an action by an insurer to recover premiums due on an insurance rider which by its terms is valid only ''when signed by an authorized representative,'' a failure of proof results from the failure of the insurer to prove that the rider was signed as required.  (See Book of Anno., Vol. 1, Sec. 11180.)

**INSURANCE: Premiums—Action to Recover—Failure to Meet Con-**
**2 tract Basis for Recovery.**  In an action by an insurer to recover from the insured premiums under a policy indemnifying the insured against injury to his workmen, there is a total failure of proof when the premium is, by contract, computable at a certain rate on the amount paid by the insured to his workmen in a limited and speci- fied class of work, and the insurer wholly fails to present any evi- dence as to the amount so paid.

Headnote 1:  33 C. J. p. 70.   Headnote 2:  36 C. J. p. 1068.

*Appeal from Boone District Court.*—SHERWOOD A. CLOCK, **Judge.**

NOVEMBER 24, 1925.

ACTION to recover for an insurance premium alleged to be due from the defendant to the plaintiff for certain indemnity insurance.' The court sustained the defendant's motion for a directed verdict.—*Affirmed.*

*Ganoe & Boone,* for appellant.

*Dyer, Jordan & Dyer,* for appellee.

FAVILLE, C. J.—I. Appellant is an insurance indemnity company. Appellee is engaged in the plumbing and heating business in the city of Boone. Prior to July, 1919, appellee

1. INSURANCE: premiums: action to recover: failure to prove condition precedent.

carried an insurance policy with appellant, indemnifying it from liability as an employer for damages on account of any injury to employees engaged in its plumbing and heating business.

In July, 1919, appellee made a contract with the city of Boone to construct certain sewers in said city, and, shortly after obtaining said contract, appellee made oral application for the extension of the said contract of indemnity so as to include protection from damages for injury to employees while engaged in the construction of said sewer. Thereupon, appellant caused to be delivered to appellee a rider, to be attached to said policy of insurance. The rider provided that the policy was extended to cover sewer building to a maximum depth of excavation of seven feet, and provided for an additional premium, based on a rate of $5.22 for each $100 remuneration paid to employees. The rider also contained this provision:

"Nor shall this indorsement bind the company until countersigned by a duly authorized representative of the company."

The original rider was not produced upon the trial, and it was the contention of appellee that, at the time the original rider was received by appellee, it was not countersigned in behalf of appellant, and that it was immediately returned by appellee to appellant, with a refusal to accept the same. It is the contention of appellant at this point that the rider was countersigned, and was not returned to appellant.

Before appellant would be entitled to recover in this action, it was necessary to establish the fact that it issued and delivered to appellee a valid contract of insurance. By the very terms of the rider attached to the original policy it was provided that the indorsement evidenced by the rider should not bind the company until countersigned by a duly authorized representative of the company. The burden rested upon appellant at this point to establish that the indorsement so made was "countersigned by a duly authorized representative of the company." A witness in behalf of appellant testified to the effect that he delivered the rider in question to appellee company. It is the contention of appellee that the rider was returned by mail to appellant immediately thereafter. The copy produced in evidence by appellant was not countersigned by any representative of the company. The agent of appellant who delivered the rider to appellee testified, on cross-examination, that it was customary to countersign such a rider, and said:

"I would not say whether it was countersigned or whether it was not. I do not know whether the original was countersigned."

There was no evidence on behalf of appellant outside of the testimony of this witness, with regard to whether or not the rider was countersigned. The evidence shows that appellee refused to accept the rider which was delivered to it by appellant's agent. Appellee claims to have returned it, and there was no evidence of any waiver of the conditions on appellee's part. Appellant was, therefore, in the situation, under this record, of a failure of its proof that it delivered a valid and subsisting policy of indemnity to appellee. This was made the basis of a distinct and separate ground of the motion for a directed verdict in behalf of appellee, and the court did not err in sustaining the motion upon this ground alone.

II. Even if the rider became valid between the parties, by its provisions it was intended only to "cover sewer building at a maximum depth of excavation seven feet at any point and the assured agrees to keep a separate record of all remuneration expended for such work and pay to the company an additional premium based on a rate of 5 and 22/100 dollars for each $100

2. INSURANCE: premiums: action to recover: failure to meet contract basis for recovery.

of remuneration expended for such work.'' The evidence shows that appellee did not keep any separate record of the cost of the work of the construction of the sewer to a depth of seven feet and under. The books of appellee were produced and offered in evidence, and in addition thereto an engineer, as an expert, testified that he made an estimate of the cost of the construction of the sewer, and estimated the cost to a depth of seven feet and under. It appears that this expert figured the labor at a certain rate per hour, but he did not know the amount that was actually paid the employees of appellant for their work. He did not know the wage scale, nor the number of days it took to complete the work. It appears that he knew that the men were being paid by the hour, and his computations were made upon the basis of the cost per foot.

The basis of appellant's right to recover a premium, as fixed by the terms of the written policy, was at the rate of $5.22 for each $100 of remuneration expended for such work. It was upon the basis of the actual remuneration paid for the work done upon the sewer to a depth of seven feet and under. There was no evidence in the record, by admission or otherwise, upon which to ascertain the initial basis for the computation. In other words, there was no proof in the record of the "remuneration paid" by appellee for the work of the construction of the sewer to the depth of seven feet and under. The total amount paid to employees for the construction of the sewer, as shown in the record, could not furnish this basis, because it is apparent that a large amount of the work did not come within the terms and provisions of the policy, and the amount paid for the work which did so come within the terms and provisions of the policy is not estimable from appellee's books, nor is it established in the record.

There being no sufficient competent proof of the basis for the computation of the amount of premium claimed to be due, the court did not err in not submitting the question to the jury.

The motion for directed verdict was properly sustained, and the ruling of the trial court is—*Affirmed*.

STEVENS, DE GRAFF, VERMILION, and ALBERT, JJ., concur.